[No. 20628.   Department One.   August 25, 1927.]

MATIE E. NICHOLS, *Respondent,* v. OLYMPIA VENEER COMPANY, INCORPORATED, *Appellant.*[1]

[1] JUDGMENT (215-1)—SET-OFF AND COUNTERCLAIM (9)—BAR—SUB-JECT-MATTER—SUBSISTING CAUSE OF ACTION. A counterclaim cannot be interposed for the amounts paid by defendant to plaintiff upon judgments theretofore obtained by plaintiff against the defendant, since the judgments were *res adjudicata,* and a counterclaim may be made only where defendant has a subsisting cause of action against the plaintiff.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered January 5, 1927, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*A. W. Tyler,* for appellant.

*Vance & Christensen,* for respondent.

FULLERTON, J.—The appellant Olympia Veneer Company is a corporation, organized under the laws of the state of Washington. The respondent Nichols is a stockholder of the appellant. She instituted the present action to recover dividends which she claimed to be due upon her stock, alleging the amount due to be $776. The appellant, in its answer, admitted that the respondent's stock had earned in dividends, during the period covered by her complaint, the sum of $751.50, but pleaded as counterclaim thereto four separate items. The first two were paid upon judgments obtained against the appellant in actions brought by the respondent. The third was a sum paid after an action had been instituted, but before a judgment thereon had been entered. The fourth was for sums paid the respondent prior to the institution of any of the actions mentioned.

[1]Reported in 258 Pac. 1028.

The court allowed the appellant to counterclaim for the amount of the third item, but denied it as to each of the other three.

In this court, the appellant questions that part of the judgment of the trial court which denied it the right to counterclaim for the three items mentioned.

The judgments, representing the first two of the items, were based on claims similar in nature to other claims which this court subsequently determined to be unfounded. *Nichols v. Olympia Veneer Co.,* 135 Wash. 8, 236 Pac. 794. As to these, the trial court rested its conclusion on the principle that the judgments were, as between the parties, verities which the appellant could not question in the manner attempted in this proceeding. The fourth item he rejected, because it was determined and allowed by the court in the cause which reached this court on appeal. *Nichols v. Olympia Veneer Co., supra.*

[1] In our opinion, the judgment of the trial court was rested on correct principles. With certain exceptions, not necessary here to note, it is the rule that a counterclaim cannot be maintained by a defendant as a defense to the plaintiff's cause of action, unless the defendant can maintain against the plaintiff an independent cause of action thereon. A cross-action is always implied in the very term counterclaim. Where it is properly interposed, there is, in reality, two causes of action combined in one; each party is plaintiff against the other with respect to his own cause of action, and it follows that a cause of action must exist in favor of the one party against the other. With respect to the judgments pleaded in this instance, the appellant had no cause of action against the respondent, however unfounded may have been the grounds upon which they were based. On the question whether

.there was a right of recovery, the appellant had had its day in court. They were, therefore, *res judicata* of questions they purported to determine, and stood as verities until they were set aside by some form of direct attack within the time limited, and in a manner recognized, by law. They were not subject to attack in a collateral proceeding in a collateral way.

With respect to the fourth item, we have had more difficulty. But the validity of the conclusion of the trial court depends upon fact rather than upon law, and an examination of the evidence has not convinced us that the trial court reached an erroneous conclusion.

The judgment is affirmed.

MACKINTOSH, C. J., MITCHELL, FRENCH, and MAIN, JJ., concur.