[No. 23097. Department Two. July 22, 1931.]

P. C. SHINE, *Appellant,* v. NABOB SILVER LEAD COMPANY et al., *Respondents.*[1]

[1]Reported in 1 P. (2d) 864.

*O. C. Moore,* for appellant.
*E. B. Quackenbush,* for respondent.

BEALS, J.—Plaintiff brought this action against Nabob Silver Lead Company, a corporation, seeking recovery for services and money advanced, upon three causes of action, which were stated in his amended complaint as follows: In the first cause of action, plaintiff sought recovery of the sum of $84.20 for attorney's fees and cash advanced in connection with an action brought by this defendant, as plaintiff, against M. Morris; in the second cause of action, plaintiff sought recovery for money advanced in the sum of $107.30; and in the third cause of action, judgment was asked on account of legal services rendered of the reasonable and agreed value of $750, together with certain other items aggregating $20.50. Plaintiff also prayed that a lien, which he had filed upon the judgment recovered by defendant against M. Morris, for plaintiff's attorney's fees claimed by him in his first cause of action, be foreclosed; this action being thereby rendered of equitable cognizance.

Defendant answered plaintiff's amended complaint, denying the material allegations thereof, particularly denying any indebtedness on its part to plaintiff, and alleging, by way of an affirmative defense and cross-complaint, that plaintiff was, for various assigned reasons, not entitled to recover from defendant for the services and disbursements referred to in his amended complaint, but that, on the contrary, plaintiff was indebted to defendant in a large sum of money, and that an accounting should be had between the parties and

judgment rendered in defendant's favor against plaintiff for such sums as the court might find to be due.

To the affirmative matter contained in defendant's answer, plaintiff replied with denials, and an affirmative plea to the effect that, in a prior action brought in the superior court of this state for Spokane county, entitled "S. H. Tweedell, et al., Plaintiffs, v. P. C. Shine, Nabob Silver Lead Company, et al., Defendants," there were, by the pleadings, brought in issue the identical matters pleaded by defendant in its answer herein; that issue was joined by this plaintiff and others upon such allegations; and that thereafter the following agreement was entered into between the parties (the agreement being set forth by plaintiff in his reply as an exhibit):

"THIS AGREEMENT made this 20th day of December, 1928, by and between Herbert W. Claassen, as trustee for Rosemary Codd Claassen, J. W. Codd, Robertson, Paine & Schaaf, attorneys for Nicholas Codd, Administrator of the estate of James E. Codd, deceased, and Ambrose W. Codd, and P. C. Shine, Voorhees & Canfield, attorneys for P. C. Shine, C. M. Chinn, J. A. Pinkerton and M. J. Muldoon, and Hamblen & Gilbert, attorneys for E. J. Lippert, administrator of the estate of Charles H. Fisher, deceased, parties of the first part, and E. B. Quackenbush, attorney for S. H. Tweedell, Hubert R. Besly, Ralph S. Howard, J. Sutherland, H. A. Arnold, Wm. O. MacDonald, Harry Gilby, P. J. Sisk and G. N. Johnson, and the Nabob Silver Lead Company, a corporation, parties of the second part, WITNESSETH:

"WHEREAS, there is now pending in the Superior Court of Spokane County, State of Washington, a suit designated as S. H. Tweedell, et al., vs. P. C. Shine, et al., being No. 78965 of the files of said superior court; and

"WHEREAS, said J. W. Codd and Herbert W. Claassen, as trustee for Rosemary Codd Claassen, are the owners and holders of a two-thirds interest in a first

mortgage on properties of the Nabob Silver Lead Company, located in Shoshone County, Idaho; and

"WHEREAS, there is unpaid and due on said mortgage the principal sum of Fourteen Thousand Eight Hundred Forty-four and 04-100 ($14,844.04) Dollars, and interest thereon from March 19, 1927; and

"WHEREAS, said principal sum and interest are now due and payable;

"Now THEREFORE IT IS AGREED:

"(1) That the case entitled S. H. Tweedell, et al., vs. P. C. Shine, et al., being No. 78965 of the files of the Superior Court of Spokane County, Washington, will be dismissed with prejudice and without cost in this action.

"(2) (Parties of the first part agree to release the parties of the second part for any liability, claims or causes of action arising out of or in connection with the litigation above mentioned; except P. C. Shine, C. M. Chinn and J. A. Pinkerton reserve the right to present and prosecute any claims they now have against the Nabob Silver Lead Company for expenses, services, disbursements and attorneys' fees, and the said Nabob Silver Lead Company reserves all defenses thereto and the right to pass upon such claims or defend any actions brought thereon.)

"(3) That on or before March 15, 1929, the Nabob Silver Lead Company will pay the sum of Fourteen Thousand ($14,000) Dollars in full settlement of the two-thirds interest in the first mortgage on said mine now held by Joseph W. Codd and Herbert W. Claassen, trustee for Rosemary Codd Claassen; said payment to be made at the office of Robertson, Paine & Schaaf, 402 Hyde Building, Spokane, Washington.

"(4) In consideration of the dismissal of said law suit and the payment of said $14,000, said J. C. Codd and Herbert W. Claassen agree to release said mortgage in full and release all claims that they have against the Nabob Silver Lead Company.

"IT IS FURTHER AGREED that in the event the said $14,000 is not paid as above agreed, on or before March 15, 1929, the said J. W. Codd and Herbert W. Claassen reserve the right to take legal action to foreclose said

mortgage for the full amount of the principal and interest due on said mortgage.

"IT IS FURTHER AGREED that this agreement will be submitted to the Board of Directors of the Nabob Silver Lead Company on December 20, 1928, and ratified by them, and certified copy of their resolution ratifying said agreement will be furnished Robertson, Paine & Schaaf, 402 Hyde Building, Spokane, Washington.

"Dated at Spokane, Washington, this 20th day of December, 1928.

<div style="padding-left:3em">

"H. W. CLAASSEN,
  Trustee for Rosemary Codd.
JOSEPH W. CODD,
  By H. W. Claassen, His Attorney.
AMBROSE W. CODD,
VOORHESS & CANFIELD and
P. C. SHINE,
  Attorney for P. C. Shine, C. M. Chinn, J. A. Pinkerton, and M. J. Muldoon.
ROBERTSON, PAINE & SCHAAF,
  Attorneys for Nicholas Codd, Administrator of the estate of James E. Codd, deceased.
HAMBLEN & GILBERT,
  Attorneys for E. J. Lippert, Administrator of the estate of Charles H. Fisher, deceased.
      PARTIES OF THE FIRST PART.

E. B. QUACKENBUSH,
  Attorney for S. H. Tweedell, Hubert R. Besly, Ralph S. Howard, J. Sutherland, H. A. Arnold, Wm. O. MacDonald, Harry Gilby, P. J. Sisk and G. N. Johnson.
NABOB SILVER LEAD COMPANY,
  By HERMAN J. ROSSI, Secretary.
      PARTIES OF THE SECOND PART.''

</div>

Plaintiff further alleged that, pursuant to the agreement above set forth, the prior action was dismissed

with prejudice, and that such judgment of dismissal constituted *res judicata* in this action against the defendant herein, in so far as it sought to plead against this plaintiff, as a defense to the three causes of action set forth in plaintiff's amended complaint, any matters which had been pleaded in the prior action as entitling the defendant herein to relief therein against this plaintiff.

The trial court held that the judgment dismissing the prior action did not operate as *res judicata* as against defendant, and admitted evidence offered by defendant concerning its relations to and accounts with plaintiff. After a trial occupying several days, the court held that plaintiff was not entitled to recover judgment against defendant, and dismissed the action; from which judgment of dismissal plaintiff appeals.

The formal assignments of error relied upon by appellant will be considered together as going to the bases of the judgment appealed from.

The superior court, early in the trial, refused to admit in evidence portions of the record in cause No. 78965, above referred to, offered in evidence by appellant. Copies of these files are in the record before us, and, as it clearly appears that they were, after their rejection by the trial court, by it considered as in evidence, whether because the court took judicial notice of its own records, or for some other reason, we shall consider that the files in the prior proceeding are properly part of the record in this case.

Respondent contends that, as in the prior action a demurrer interposed by respondent had been sustained prior to the date of the stipulation above set forth, this respondent was not at that time a party to that action. As it does not appear that any order had been entered dismissing the action as to respond-

ent, we hold that, at the time of the making of the stipulation, respondent was still a party to the action, even though its demurrer to the complaint had been sustained.

By paragraph two of the stipulation above quoted, the claims of the respective parties to that action were settled (which settlement became final upon the entry, pursuant to the stipulation, of the order dismissing the action with prejudice), save that appellant expressly reserved the right to prosecute this action. Up to this point, there can be no dispute as to the meaning and effect of the stipulation.

By the latter portion of the same paragraph, this respondent (referring to any action subsequently brought by appellant) reserved ''all defenses thereto and the right to pass upon such claims or defend any actions brought thereon.'' Appellant argues that the words ''all defenses thereto'' must be limited and construed as applying only to matters other than those expressly adjusted by the stipulation and the order dismissing the prior action. Appellant concedes respondent's right to defend against his claim, but contends that such defense must be based upon something outside and beyond the matters adjusted and judicially determined by the judgment in cause No. 78965.

We cannot agree with appellant's contention. By the paragraph of the stipulation above referred to, appellant reserved the right to present and prosecute his claims. This right he might or might not exercise, at his option. The agreement evidently contemplated a possible adjustment of the matter between the parties, because it refers to the presentation of the claims and the right of respondent to pass thereon. The words ''all defenses'' cannot be limited, as contended for by appellant. The words are plain, and the construction thereof contended for by appellant seems

forced. Giving these words their ordinary meaning, the agreement is perfectly reasonable; the parties, for satisfactory considerations, settled definitely their pending disputes, and respondent gave up its right to attempt to enforce, by suit, its claims against appellant. Appellant reserved the right to attempt to enforce claims existing in his favor against respondent, and in turn respondent reserved the right, in case appellant should avail himself of his privilege, to present all the defenses which it could muster to defeat appellant's claim.

Under the stipulation, appellant could rest perfectly secure, relying upon the stipulation and judgment as a complete defense against any action which respondent might bring against him, but when appellant himself chose to enter the lists against respondent, he made available to respondent, in so far as the same might be held to afford respondent a shield against his attack, all the defenses which respondent ever had to his action. Appellant still had the advantage of the stipulation, in that respondent could use these defenses only as a shield; they could not be used as a sword with which to carve out for respondent affirmative relief against appellant, such claims being available to respondent as defenses only.

In support of his contention, appellant cites: 2 Freeman on Judgments (5th ed.), page 1322, § 627; *Cromwell v. County of Sac,* 94 U. S. 351; and *Nichols v. Olympia Veneer Co.,* 145 Wash. 59, 258 Pac. 1028. As we hold that, as to the question of *res judicata,* the agreement of settlement made between the parties is controlling, and that the language of the stipulation is too plain for judicial construction, authorities upon the general principles governing the doctrine of *res judicata* are not in point.

As to the merits, as disclosed by the evidence, careful consideration of the record convinces us that the weight of the evidence does not preponderate against the conclusion reached by the trial judge, who had the advantage of seeing and hearing the witnesses.

Certain other questions are discussed, but the conclusion which we have reached, as above stated, renders further discussion of the case unnecessary.

Judgment affirmed.

TOLMAN, C. J., PARKER, MILLARD, and BEELER, JJ., concur.

